### In re TRENDING CYCLES, FOR COMMODITIES, INC., d/b/a First Guaranty Metals Co., Debtor.

### SOUTHEAST FIRST NATIONAL BANK OF MIAMI, Plaintiff,

### v.

### Jeanette TAVORMINA, Defendant.

### Bankruptcy No. 80–00099–BKC–TCB. Adv. No. 80–0343–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

March 27, 1981.

Steven H. Friedman, Miami, for defendant.

Frank P. Scruggs, II, Tallahassee, for plaintiff.

## ORDER ON MOTIONS TO TAX COSTS AND FOR ATTORNEYS' FEES

THOMAS C. BRITTON, Bankruptcy Judge.

Judgment on January 21, in this adversary proceeding awarded $10,000 to the plaintiff against the defendant trustee. (C.P. No. 25) Plaintiff has moved to recover its costs in the amount of $1,208.16, (C.P. No. 227), and has moved for the recovery of its attorneys' fees in the amount of $10,393 (C.P. Nos. 28, 30, 32). The parties were heard on March 23.

Plaintiff, of course, recognizes the "American Rule" that a litigant cannot ordinarily recover his counsel fees. It does not contend that it is entitled to recover its fees under a contractual commitment, nor that the circumstances of this case bring it within either a statute or the express provisions of a Rule which authorizes the assessment of attorneys' fees. Instead, plaintiff invokes the inherent power of all courts to assess attorneys' fees:

> " . . . when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Roadway Express Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464,

65 L.Ed.2d 488, 1980; *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

It is plaintiff's position that when it took the depositions of three persons in this case on December 15, 1980, the trustee should have capitulated and paid the amount claimed by the plaintiff. Plaintiff argues that when the trustee filed an answer (C.P. No. 13) denying certain allegations and thereafter asserted an "affirmative defense" (C.P. No. 14), the trustee exhibited such bad faith as to warrant the assessment against the trustee of all fees incurred by the plaintiff after the depositions were taken.

The basis for plaintiff's lawsuit was that the debtor had received $10,000 from the plaintiff bank by mistake as the result of an erroneous, duplicate electronic transfer initiated by a correspondent bank in Pennsylvania. At trial, the trustee, through counsel, immediately acknowledged that she had no alternative evidence to offer to contradict the evidence gathered by the plaintiff. That evidence established a sequence of events that fully documented the erroneous transfer.

The trustee's only concern was that the initiating Pennsylvania bank had not been joined as a party and the trustee feared possible double exposure to that potential claimant of these same funds. This concern constituted the "affirmative defense" asserted by the trustee. I concluded the defense to be without merit, because the Pennsylvania bank's remedy lay against the plaintiff, not the trustee, in the unlikely event that plaintiff failed to account fully to its correspondent for the recovery it would make from the trustee.

Plaintiff was not significantly delayed by the trustee. Judgment was received 54 days after the complaint was filed and the Christmas holidays fell within that interval.

As has been noted, a court should show greater caution in the exercise of its inherent powers than is called for in the exercise of powers expressly authorized by the legislative process:

"Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper,* supra, 447 U.S., at 764, 100 S.Ct. at 2463.

The circumstances here do not evince any bad faith on the part of either the trustee or her counsel at all. The defendant trustee acted in this instance on the written recommendation of her counsel. There is no basis to find that she acted in bad faith in any respect. Nor can I infer bad faith on her counsel's part merely because his defense was ephemeral. We must not forget that he represented a trustee. In this day of increasing sensitivity to malpractice claims, it is reasonable to advise that a claim like this one be resisted in order that its payment be directed by the court rather than be authorized voluntarily by a fiduciary. The trustee did not file this action. She merely refused to stipulate to an adverse judgment. I am not suggesting here that the court's inherent power to assess attorneys' fees can never be asserted against a trustee for asserting a nebulous defense, but it would surely require an unusual case.

In view of the foregoing conclusion, there is no occasion to discuss the amount of the fee sought in this instance.

Plaintiff has conceded that the last five items in its motion to tax costs (C.P. No. 27) do not fall within the scope of 28 U.S.C. § 1920, but would be recoverable only under the exercise of this court's inherent power. The remaining costs $575.19 are not opposed.

It follows, therefore, that plaintiff's motion for attorneys' fees is denied and its motion for costs is granted in the amount of $575.19.